AF Approval _____   Chief Approval _CB  for  MF_

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.

NATHAN JOEL ARLEDGE

CASE NO. 6:22-cr-169-PGB-DAB

**FILED**
2022 OCT -11 PM 3: 35
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, NATHAN JOEL ARLEDGE, and the attorneys for the defendant, Richard Canina and James Kontos, mutually agree as follows:

**A.**     **Particularized Terms**

    1.     Counts Pleading To

      The defendant shall enter a plea of guilty to Counts One and Two of the Information. Count One charges the defendant with possession of an unregistered short-barreled rifle, as defined by 26 U.S.C. § 5845(a)(3), two machine guns, as defined by 26 U.S.C. § 5845(b), and three unregistered silencers, as defined by 26 U.S.C. § 5845(a)(7), in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Count Two charges the defendant with possession of child pornography of a prepubescent minor and of a minor who had not attained 12 years of age, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

Defendant's Initials _____

2. <u>Maximum Penalties</u>

Count One carries a maximum sentence of 10 years' imprisonment, a fine of not more than $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count. Count Two carries a maximum sentence of 20 years' imprisonment, a fine of not more than $250,000, a term of supervised release of a minimum of 5 years to life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Defendant's Initials _____

2

In addition, the Court shall impose an additional special assessment pursuant to 18 U.S.C. § 2259A, of not more than $17,000 for an offense involving the possession of child pornography. The Court may order the terms of imprisonment to run consecutively, rather than concurrently.

3.    *Apprendi v. New Jersey*

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a maximum sentence of 20 years' imprisonment may be imposed on Count Two because the following facts have been admitted by the defendant and are established by this plea of guilty: the defendant possessed child pornography that contained a prepubescent minor and a minor who had not attained 12 years of age.

4.    <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

<u>First:</u>    The Defendant knowingly possessed a firearm, or machine gun;

<u>Second:</u>    The firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record; and

<u>Three:</u>    The Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.

Defendant's Initials _____        3

The elements of Count Two are:

First:   The Defendant knowingly possessed an item or items of
child pornography;

Second:   The items of child pornography had been shipped or
transported using any means or facility of interstate or
foreign commerce;

Third:   When the Defendant possessed the items, the Defendant
believed the items were child pornography; and

Fourth:   The visual depiction involved a minor who had not
attained 12 years of age.

5.   Indictment Waiver

Defendant will waive the right to be charged by way of

indictment before a federal grand jury.

6.   No Further Charges

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

defendant with committing any other federal criminal offenses known to the

United States Attorney's Office at the time of the execution of this agreement.

7.   Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make

restitution to known victims of the offense for the full amount of the victims'

losses as determined by the Court.  Further, pursuant to 18 U.S.C.

Defendant's Initials _____                    4

§ 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

8.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____    5

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____   6

11.   <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, 924(d), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303, whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following: Apple iPhone X, seized from the defendant on February 3, 2022, and which was used to commit the offense charged in Count Two; and one AR-10 style, .308 caliber firearm; one 9mm Luger firearm utilizing a Polymer80 brand kit, Glock-type firearm parts, a FAB Defense pistol-to-rifle conversion kit; and three firearm silencers, all of which were seized from the defendant's residence on February 3, 2022, and used to commit the offense charged in Count One.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging

Defendant's Initials _____                    7

instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United

Defendant's Initials                 8

States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this

Defendant's Initials _____                    9

agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

12.    <u>Abandonment of Property</u>

The defendant acknowledges that he has an ownership interest in the following items of property that are in the lawful custody of the United States:

a.  loaded magazines, three metal spacers, six conical baffles, two k-baffles, Sig P299 firearm, firearm barrel, FBG-6 flash bangs, potassium nitrate, magnesium flakes, and gun powder all of which were seized from the defendant's residence on February 3, 2022;

b.  black Apple watch, Western Digital hard drive, Toshiba external hard drive, Apple iPhone (cracked screen), USB/Apple flash drives, Microsoft tablet surface, ~~Microsoft tablet surface pro~~, zedge camera, SanDisk ultra plus 128GB micro SD card, remote car lights, front camera from vehicle with micro SD card, rear camera from vehicle with micro SD

Defendant's Initials _____    10

card, and HID mini token, all of which was seized from the

defendant's residence on February 3, 2022; and

c.  Homeland Security Investigation (HSI) credentials with

Department of Homeland Security (DHS) hologram stamp,

Defendant's picture, and signature; tactical clothing with

body armor and helmet with and HSI memorabilia badge in a

leather carrier affixed and "HSI POLICE" and "HSI SRT"

patches affixed; Federal Bureau of Investigation (FBI) license

plate: J132152; and DHS license plate: DHS262468, all of

which were seized from the defendant's residence on

February 3, 2022.

The defendant understands that he has the right and opportunity

to claim the listed property.  The defendant hereby knowingly and voluntarily

waives all right, title, and interest in the listed property. The defendant waives,

releases, and withdraws any claim that the defendant has made with respect to

the listed property, and waives and releases any claim that the defendant

might otherwise have made to the listed property in the future.

The defendant consents to the vesting of title to the listed

property to the United States Government, pursuant to Title 41, Code of

Federal Regulations, Section 128-48.102-1. The defendant also consents to the

Defendant's Initials _____     11

destruction of the property, or other disposition of the property in accordance with law, and without further notice to defendant.

The defendant waives any right the defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property, including any such claim for attorney's fees and litigation costs.

The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

13.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the

Defendant's Initials _____       12

defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**    **Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that

Defendant's Initials _____                    13

compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check, or money order to the Clerk of the Court in the amount of $200, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _____                    14

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant

Defendant's Initials _____                    15

promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

   6.   <u>Sentencing Recommendations</u>

      It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement,

Defendant's Initials _____      16

or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

      The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground

Defendant's Initials _____         17

that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.     <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.     <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials _____     18

10.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

Defendant's Initials                                   19

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials ____   20

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __11th__ day of __October__, 2022.

ROGER B. HANDBERG
United States Attorney

_____
Nathan Joel Arledge
Defendant

_____
Courtney D. Richardson-Jones
Assistant United States Attorney

_____
Richard Canina
Attorney for Defendant

_____
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando

_____
James Kontos
Attorney for Defendant

Defendant's Initials _____        21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:22-cr-169-PGB-DAB

NATHAN JOEL ARLEDGE

## PERSONALIZATION OF ELEMENTS

The elements of Count One are:

> First:    Did you knowingly possess a firearm and machine gun?

> Second:   Was the firearm registered to you in the National Firearms Registration and Transfer Record?

> Three:    Did you know of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record?

The elements of Count Two are:

> First:    Did you knowingly possess an item or items of child pornography?

> Second:   Were the items of child pornography shipped or transported using any means or facility of interstate or foreign commerce?

> Third:    Did you believe the items were child pornography when you possessed the items?

> Fourth:   Did the visual depiction involve a minor who had not attained 12 years of age?

Defendant's Initials _____                    22

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:22-cr

NATHAN JOEL ARLEDGE

FACTUAL BASIS

On or about February 3, 2022, in the Middle District of Florida, the defendant, Nathan Joel Arledge, did knowingly possess two machineguns. *See* Count One.

Additionally, on or about February 3, 2022, in the Middle District of Florida, the defendant, Nathan Joel Arledge, did knowingly possess a firearm, that is, a short-barreled rifle, as defined by 26 U.S.C. § 5845(a)(3), two machineguns, as defined by 26 U.S.C. § 5845(b), and three silencers, as defined by 26 U.S.C. § 5845(a)(7), which were not registered to the defendant in the National Firearms Registration and Transfer Record, as required by 26 U.S.C. § 5841. *See* Count One.

Moreover, on or about February 3, 2022, in the Middle District of Florida, the defendant, Nathan Joel Arledge, did knowingly possess material that contained images of child pornography, that is, the child pornography found in the Apple iPhone X, that had been shipped and transported using any

Defendant's Initials _____                    23

means and facility of interstate and foreign commerce and was produced using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means, and the image involved a prepubescent minor and a minor who had not attained 12 years of age. *See* Count Two.

***Investigation into the Defendant***

On January 25, 2022, the Brevard County Sheriff's Office (BCSO) received a Cybertip #114344841 from the National Center for Missing and Exploited Children (NCMEC) regarding possible child pornography. The Cypertip contained 130 files. The files were composed of both images and videos. The files had been uploaded/shared with another user or group of users. The files were reviewed. Examples of some of the files reviewed are:

- **Filename:** f2e4a7b5-4fa8-4476-8b55-7cd1ce0d480b.mp4
  **MD5:** f5016d92286993e5e69b5a085c7713b9
  **Description:** The video file is approximately one minute and fifty-nine seconds in length. The video depicts a white female child, approximately 0-1 years-old and a white male child, approximately 2-4 years-old. There is a nude adult female, who is performing oral sex on both children. There is also an adult male's hand and penis seen in the video, masturbating over the children.

- **Filename:** dc998ee4-f17c-4d85-91b3-e0bc88321886.mp4
  **MD5:** 63121435c27c6e8515fad5bff0e4492f
  **Description:** The video file is approximately two minutes in length. The video depicts an adult white male, with a red long sleeve striped shirt on. The adult male is anally penetrating a white male child, approximately 0-1 years old.

Defendant's Initials _____   24

The Cypertip was submitted by MediaLab/Kik. The user associated with the report was:

- Email address: Poop1868@protonmail.com
- Screen/Username: kinkytaboo93
- ESP User ID: kinkytaboo93_ohp
- IP address: 68.205.7.215

A Google search of the Defendant's Kik username, "kinkytaboo93," had the following results:

- "https://www.reddit.com > dirtykikpals > comments
- 26 [m4m] into kinky/taboo boys. No limits. User: kinkytaboo93 : r ...
- Dec 9, 2021--26 [m4m] into kinky/taboo boys. No limits. User: kinkytaboo93. NSFW. Like the title says. Taboo stuff, preferably boys. Let's chat and trade.
- Into kink/taboo. Young boys. No limits. Usr: kinkytaboo93 ... Dec 8, 2021
- Horny and into younger and taboo. No limits. User ... - Reddit Dec 6, 2021

The IP address provided with the cypertip belonged to Spectrum and showed a geo-location of Melbourne, Florida. In response to a state subpoena, Charter Communications, provided the following subscriber information associated with the IP address:

- Subscriber Name: Nathan Arledge
- Subscriber Address: 3552 D'Avinci Way, Apt 1018, Melbourne, FL 32901

Defendant's Initials _____        25

A copy of the Defendant's lease showed he was the only occupant of the apartment and showed the same IP address from the cybertip. A state search warrant was obtained for the Defendant's home to search for CSAM.

On February 3, 2022, the search warrant was executed on the Defendant's home. BCSO found an AR-15 style rifle in the master bedroom closet. The rifle was custom built and green in color. The rifle was capable of fully automatic function when function test conducted on-scene. The following were also located during the search:

- 20-30 fully loaded magazines
- Silver personally made firearm silencer: threaded to equip the machine gun (master bedroom closet)
- Green personally made firearm silencer in a bag: threaded to fit a FAB defense upper receiver (master bedroom closet)
- Sig P299 (on nightstand master bedroom)
- Barrel (safe in master bedroom closet)
- Black silencer: equipped to fit Sig P299 (safe in master bedroom closet)
- 6 complete model FBG-6 flash bangs
- HSI credentials w/DHS hologram stamp, Defendant's picture, and signature (in Defendant's wallet)
- Tactical clothing with body armor and helmet with and HSI memorabilia badge in a leather carrier affixed and "HSI POLICE" and "HSI SRT" patches affixed (master bedroom)
- Potassium nitrate
- Magnesium flakes
- Gun powder
- FBI license plate: J132152[1]
- DHS license plate: DHS262468[2]

---

[1] This is a counterfeit plate. The plate is assigned to an FBI marked unit in Washington, D.C.
[2] This is a counterfeit plate. The plate is assigned to a Customs and Border Patrol vehicle.

- Paperwork for "OPSEC CORP."[3]
- Black Apple watch
- Western digital HD
- Apple iPhone
- Toshiba external hard drive
- Apple iPhone (cracked screen)
- 2 USB/Apple flash drives
- Dell laptop computer (M#P937/ST#EDOJ253)
- Microsoft tablet surface with power cord (M#1601)
- Microsoft tablet surface pro with USB port (M#1796)
- Zedge camera with micro SD card
- SanDisk ultra plus 128GB micro SD card
- Remote car lights
- Front camera from vehicle with micro SD card
- Rear camera from vehicle with micro SD card
- HID mini token

None of the located silencers contained a manufacturer serial number. The Defendant did not have a license or permit for any of the items located above. The Defendant had not registered the short-barreled rifle or silencers with the National Firearms Registration and Transfer as required by statute.

***Defendant's interview***

In addition to the execution of the search warrant, a post Miranda audio recorded interview was conducted on the Defendant. He admitted that he had a KIK account and used the name "Kinkytaboo93." He confirmed that

---

[3] The Defendant is registered as the President and Secretary for the business. The business has an address of 1317 Edgewater Dr # 2125, Orlando, FL 32804. The registered agent for this business is Cheyenne MOSELEY, US Corp. Agents, United States Corporation Agents, Inc. 5575 S. Semoran Blvd. Suite 36, Orlando, FL 32822. This business is registered as Doing Business As (DBA) "Homeland Security Investigations."

Defendant's Initials _____   27

he has Spectrum as his internet provider and that it was password protected. The Defendant admitted to obtaining and looking at child pornography. He disclosed he obtained the images through Reddit. He found them on unmoderated platforms. He revealed it has been around 3 weeks since he saw any child pornography videos. He stated one of the videos he viewed was a child under 10 performing fellatio on an adult male. The Defendant stated he no longer has the KIK application on his phone. He admitted that he deleted and redownloaded KIK previously. The Defendant stated: "This is such a stupid way to throw away your life." He also authored an apology letter to the victims of child pornography and read it aloud during the interview. The Defendant provided the password to his phone and work computer.

After the firearms, silencers, and flash bangs were located, agents continued the post Miranda interview with the Defendant. He stated that he built the 7162 rifle but has never fired it. He doesn't know how long the barrel is on the AR10 because he did not measure it. He stated that ATF doesn't ban 80% Glocks. The Defendant said that the kits "may not be a violation of 1101 but it's a violation of the spirit of the law." He bought the silencers online – they were sold as dry storage cubs. He believes he bought them from a website called diversify machiners which has now been shut down by ATF. He is the owner of the Sig. He purchased the flash bangs in bulk for $170. He's had

Defendant's Initials _____   28

them for about 2 years. They are pyrotechnic in nature but for airsoft. He had "Homeland Security Investigations" as the dba to his company just to see if he could. He's never actually done any investigations or done business with his company. The official name of the company is "Opsec Corp" and it's inactive. He has never actually driven with the DHS tags found. He screwed them on to his vehicle once to take a picture.

### Technical examination of the firearms

The Firearms Technology Criminal Branch of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) performed a technical examination of the weapons found during the execution of the search warrant on the Defendant's home. They determined the following:

1. AR-10-type, .308 caliber firearm *(Count One)*

    This firearm did not have a serial number or manufacturer's markings of identification. The examination showed that the firearm has a drop-in machinegun trigger mechanism and what appears to be a non-commercially manufactured M16 type, machinegun automatic sear. The receiver had automatic sear axis pin holes. The fire control cavity of the receiver was "crudely" machined and in-the-white, supporting it was a Personally Made Firearm (PMF). The front of the hammer was crudely ground down to fit inside of the machine fire control cavity. Special Agent (SA) Bodell test fired the firearm – it functions automatically. It also had no NFA manufacturer or maker's marks of identification or serial number as required by 26 U.S.C. § 5842.

2. Glock-type, 9mm Luger Firearm (no serial number) *(Count One)*

Defendant's Initials _____   29

This 9mm Luger firearm was made using a Polymer80 brand PF940C kit Glock-type firearm parts, and a FAB Defense pistol-to-rifle conversion kit. The Polymer80 kit is distributed by Polymer80, Inc. of Dayton, Nevada which proves that this firearm has traveled in interstate commerce. This firearm was equipped with a folding shoulder stock, forward secondary grip, a light emitting device, folding fixed sight, a muzzle accessory, and a machine gun conversion device. The overall length of the rifle was 26 inches, but the barrel was only 9.7 inches. The firearm shot more than one shot automatically without manual reloading, by a single function of the trigger; therefore, the firearm was a machinegun. It had no NFA manufacturer or maker's marks of identification or serial number as required by 26 U.S.C. § 5842.

3. Cylindrical device (no serial number) *(Count One)*

This cylindrical device was composed of a rear end-cap, a front end-cap, an outer tube, three spacers, and nine baffles. The device contained the design features of a firearm silencer or firearm muffler and was a device for silencing, muffling, or diminishing the report of a portable firearm. SA Bodell opined that the device is a firearm silencer. Additionally, it had no NFA manufacturer or maker's marks of identification or serial number as required by 26 U.S.C. § 5842. SA Bodell test fired the device – without the device the firearm shot with a sound of 156.15 decibels. When the device was used the firearm shot with a sound of 134.38 decibels; thus, the device reduced the sound by 21.77 decibels.

4. Green cylindrical device constructed of a metal alloy *(Count One)*

This device was composed of an outer tube, a front end-cap, and a rear end-cap which all form one large expansion chamber. The device contained the design features of a firearm silencer or firearm muffler and was a device for silencing, muffling, or diminishing the report of a portable firearm. SA Bodell opined that the device is a firearm silencer. Additionally, it had no NFA manufacturer or maker's marks of identification or serial number as required by 26 U.S.C. § 5842. SA

Defendant's Initials _____   30

Bodell test fired the device – without the device the firearm shot with a sound of 156.01 decibels. When the device was used the firearm shot with a sound of 144.48 decibels; thus, the device reduced the sound by 11.53 decibels.

5. Cylindrical device (no serial number) *(Count One)*

This device was composed of an outer tube, a front end-cap, a booster device, a threaded adapter, and eight k-baffles (seven of which match those in exhibit 4d). The device was a device for silencing, muffling, or diminishing the report of a portable firearm. SA Bodell opined that the device was a firearm silencer. Additionally, it had no NFA manufacturer or maker's marks of identification or serial number as required by 26 U.S.C. § 5842. SA Bodell test fired the device – without the device the firearm shot with a sound of 155.10 decibels. When the device was used the firearm shot with a sound of 133.36 decibels; thus, the device reduced the sound by 21.74 decibels.

The Defendant also had the following which also qualified as silencers:

6. Three metal spacers

This device was composed of spacers. The spacers are marked 1, 5, and 6. The spacers create expansion chambers between baffles within a firearm silencer. The device contained the design features of a firearm silencer or firearm muffler and is a device for silencing, muffling, or diminishing the report of a portable firearm. SA Bodell opined that the device is a firearm silencer. This device was not test fired for sound reduction.

7. Six conical baffles

This device was composed of six baffles that have ported and flanged necks. Each is marked with a number, 1 – 6. They were made of titanium alloy and appeared to have been machined secondary to the general machining of the part. Each of the baffles was a part intended

only for use in assembly or fabrication of a firearm silencer or firearm muffler; thus, each meets the definition of firearm silencer. SA Bodell opined that the device is a firearm silencer. This device was not test fired for sound reduction.

8. Two k-baffles

The baffles were made of aluminum. They contained the machining for the plate port to create turbulence and a machined port in the skirt to vent gases between the baffle and the outer tube, but it does not contain a hole to eject a projectile. Despite this the baffles met the definition of a firearm silencer because their intended use is only for the assembly or fabrication of a firearm silencer or firearm muffler. SA Bodell opined that the device is a firearm silencer. This device was not test fired for sound reduction.

***Forensic examination of the Defendant's cellphone***

A full file system extraction was obtained from the Defendant's cellphone. (*Count Two*). The data was parsed with Cellebrite Physical Analyzer which generated a report. Components of the cell phone were made in China and Malaysia; therefore, the cellphone traveled in interstate and foreign commerce. There were two Apple IDs assigned to the device: 1) narledge2011@myfit.edu; and 2) Nathan.1235@verizon.net – both match the Defendant's name. Additionally, there was evidence that the Kik Messenger application was installed on the device despite being having been deleted prior to the extraction.

Defendant's Initials _____      32

A total of 100 depictions of child pornography were found on the Defendant's cell phone. The depictions were comprised of 50 videos and 50 images. Some of these depictions contained toddlers and infants. Of the 50 images, 46 were thumbnails. Despite being thumbnails, the depictions are clear. Additionally, the metadata shows whether it was a video or image when it was on the phone. The child pornography was found in the utility application system which is a system application generated by Apple that creates these files and stores them on the phone. The application cannot store a file that the user has not already accessed. The application was "photos picker." The videos were cache files.

The forensic analyst reviewed the child pornography found from the Defendant's phone and compared it to the child pornography from the NCMEC cybertip. He found that 26 of the images and 8 videos matched the child pornography from the cybertip. All of the child pornography was shared by the Defendant in a private chat to another user. Some of the files had been shared multiple times. An example of some of the files found on the Defendant's phone include the descriptions from the previously described cybertip above and the examples below:

- **FILE NAME:** version=1&uuid=3D7C7277-0D0E-4F3A-B4E7-9BA74785B127&mode=current.mp4
  **PATH:**a41dd8b6a777f79f6b9bde9889d09f98304d3f85_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/B7777C31-642C-

Defendant's Initials _____       33

441F-8D090ECA2CB5B95F/File Provider
Storage/photospicker/version=1&uuid=3D7C727
**DESCRIPTION:** 2 minute and 41 second video. An adult male anally
and vaginally penetrates a prepubescent female child with his penis.

- **FILE NAME:** version=1&uuid=92B9205F-4AB4-4274-BAB9-
  CC51AF8EFDB5&mode=current.mp4
  **PATH:**a41dd8b6a777f79f6b9bde9889d09f98304d3f85_files_full.zip/pri
  vate/var/mobile/Containers/Shared/AppGroup/B7777C31-642C-
  441F-8D09-0ECA2CB5B95F/File Provider
  Storage/photospicker/version=1&uuid=92B9205
  F-4AB4-4274-BAB9-CC51AF8EFDB5&mode=current.mp4
  **DESCRIPTION:** 1 minute and 30 second video. An adult male
  performs fellatio on a prepubescent male child. The prepubescent male
  child then performs fellatio on the adult male.

Defendant's Initials _____   34